IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ROBERT A. LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-CV-01712-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT BRIAN THOMPSON, WHITMAN, PRISON COUNSELOR; DEBRA K. SAUERS, MICHAEL J. MAHLMEISTER, ERIC PERNETT, LT. MCFADDEN, JOHN DOES NO. 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS JAILERS/CORRECTIONS OFFICERS/HOUSING UNIT DEPUTIES/SHERIFF'S DEPUTIES/SUPERVISORS/IN-CHARGE DEPUTIES WITH THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, WHO WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, United States Magistrate Judge.

## I. INTRODUCTION

Presently pending before the Court is the Motion for Judgment on the Pleadings filed by Defendants State Correctional Institution ("SCI") Mercer Superintendent Brian Thompson ("Superintendent Thompson"), SCI Mercer Deputy Superintendent for Centralized Services and Program Review Committee member Debra K. Sauers ("Deputy Superintendent Sauers"), SCI

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

Mercer Deputy Superintendent for Facilities Management and Program Review Committee member Michael J. Mahlmeister ("Deputy Superintendent Mahlmeister"), SCI Mercer prison supervisor "Lt. McFadden," SCI Mercer prison counselor "Whitman" ("Counselor Whitman"), and John Doe Nos. 1-10 various supervisors and employees of SCI Mercer who allegedly violated Plaintiff's constitutional rights. [ECF No. 26]. For the reasons that follow, the motion is denied.

## II. BACKGROUND

On July 31, 2012, Plaintiff was arrested for criminal trespass, grand larceny and heroin possession in New York. He was sentenced to six months imprisonment and five years of county probation and was released early for good behavior on November 30, 2012. After his release, Plaintiff moved to Mercer County, Pennsylvania. He was assigned to a probation officer in Mercer County and in July 2013, he enrolled in a drug maintenance program at a methadone clinic and began treatment for post-traumatic stress disorder ("PTSD") relating to his past military service in Iraq. While Plaintiff was receiving treatment at the methadone clinic, he allegedly violated his probation by allegedly committing retail theft and driving under the influence and was arrested on December 30, 2013 by Mercer County probation. After his arrest, Mercer County probation officers transported Plaintiff to SCI Mercer.

After arriving at SCI Mercer, Plaintiff did not receive diagnostic testing for physical, mental or emotional problems and was not evaluated for drug or alcohol dependency. Plaintiff informed prison employees that he was prescribed methadone for drug-treatment purposes and that he would suffer from withdrawal if he did not continue receiving it. Prison employees responded that methadone was available at SCI Mercer and he should not worry. Plaintiff was then placed in the infirmary and was informed by a nurse that he would not receive methadone

2

and instead would undergo detoxification. Plaintiff was then locked into a closet-sized room which only contained a bed and a small shower in the infirmary by himself for three days and underwent methadone withdrawal.

On the third day of being locked in the infirmary, P.O. Pernett visited him and handed him a document and instructed Plaintiff to sign it. Plaintiff signed the document. The document waived Plaintiff's right to challenge probable cause in detaining him at SCI Mercer. Plaintiff alleges that he was disoriented from the methadone withdrawal and did not sign the document voluntarily. Following this, three members of SCI Mercer's Program Review Committee ("PRC") met with Plaintiff: Deputy Superintendent Sauers, Deputy Superintendent Mahlmeister and Paul Theriault.[2] The PRC determines inmates' housing arrangements at SCI Mercer. Plaintiff informed the PRC members that he was suffering from methadone withdrawal and that "he was in the wrong place," but his complaints were not responded to. [ECF No. 1] at ¶ 51. The PRC members did not conduct any diagnostic test to determine his mental, physical or emotional health to determine his housing classification status. Plaintiff was not given an inmate number, an inmate handbook or an IQ test. After this meeting with the PRC members on January 2, 2014, Plaintiff was transported to SCI Mercer's "M Block" which is also referred to as "the hole." *Id.*

After arriving on M Block, Plaintiff advised the prison employees that he needed medical attention and suffered from PTSD and methadone withdrawal. The prison employees responded by placing him in the "disciplinary section" of M Block for four days, where his cell only contained a camera and a bench in the middle of the cell. *Id.* at ¶¶ 82-83. Four days later, Plaintiff was moved to a different cell in the M Block containing a bed.

---

[2]  Paul Theriault is not a named defendant in this action.

Throughout his incarceration, Plaintiff informed prison officials, including Lt. McFadden, that he suffered from PTSD. The prison officials acknowledged Plaintiff's PTSD but did not provide him with daily medication or consistent access to psychiatric counseling or medical care. Plaintiff claimed that prison officials assured him that he would receive a temporary classification so that his medical needs could be addressed while also allowing him to live in general population and not M Block. After several months had passed, Lt. McFadden informed Plaintiff that he would not receive a temporary-inmate classification or a permanent inmate classification from SCI Camp Hill. Plaintiff asserts that the Pennsylvania Department of Corrections assigns a security classification to all of its prisoners using objective criteria at a diagnostic and classification center such as SCI Camp Hill. Lt. McFadden instead informed Plaintiff that he was "stuck like chuck" in M Block indefinitely because he did not have a classification. *Id.* at ¶ 99. Plaintiff was housed in the M Block from December 30, 2013 to August 12, 2014 when he was released and alleges that he received no or inadequate treatment for his PTSD and/or symptoms of withdrawal.

On December 29, 2015, Plaintiff filed the original complaint alleging multiple civil rights violations and violations of state law. The Defendants submitted a partial motion to dismiss the claims against them, and the Court granted Defendants' motion. The Defendants did not move to dismiss Plaintiff's claims of deliberate indifference under the Eighth Amendment with regard to access to medical care and treatment and mental health care and treatment. In granting Defendants' motion for partial dismissal, the Court permitted Plaintiff to file the present operative Amended Complaint to include the specific actions of the supervisor Defendants in connection with the remaining alleged unconstitutional violations. Plaintiff filed an amended complaint on December 19, 2016 asserting two claims: (1) a supervisory liability claims against

Defendants Superintendent Thompson, Deputy Superintendent Sauers, Deputy Superintendent Mahlmeister, Lt. McFadden, and various John Does; and (2) an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 against all of the Defendants for being deliberately indifferent to his serious medical needs.

Defendants filed an Answer on December 30, 2016 and filed the instant Motion for Judgment on the Pleadings arguing that Plaintiff's Amended Complaint has failed to adequately state a supervisory liability claim against the supervisor Defendants, and Plaintiff has otherwise failed to state a section 1983 claim against Defendants Superintendent Thompson, P.O. Pernett and Counselor Whitman. The parties have fully briefed the issues and this matter is ripe for disposition.

### III. STANDARD OF REVIEW

*a. Motion for Judgment on the Pleadings Pursuant to Rule 12(c)*

"A motion for judgment on the pleadings is not granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Pellegrino Food Products Co., Inc. v. City of Warren*, 136 F.Supp.2d 391, 399 (W.D.Pa. 2000); *Jablonski v. Pan American World Airways*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Society Hill Civil Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). A Rule 12(c) motion is judged under the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The only difference is that on a motion for judgment on the pleadings, the court reviews not only the complaint, but also the answer and written instructions attached to the pleadings. James Wm. Moore, *et al.*, *Moore's Federal Practice–Civil* ¶ 12.38 (2010). As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for

judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n. 5 (3d Cir. 2004); *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)), *cert. denied*, 132 S.Ct. 1861 (2012). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n. 7 (3d Cir.2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state

6

a claim." *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

IV. **DISCUSSION**

Plaintiff filed his Amended Complaint alleging Supervisory Liability (Count I) and Denial of Medical Care (Count II). [ECF No. 24]. After filing an Answer, Defendants moved for judgment on the pleadings, asserting that the Amended Complaint did not cure the deficiencies addressed in the Court's Memorandum Opinion. [ECF Nos. 25 and 26]. Defendants request judgment in favor of Defendants Superintendent Thompson, Deputy Superintendents Sauers and Mahlmeister, Lt. McFadden, P.O. Pernett, and Counselor Whitman and against Plaintiff at Count

7

I, and judgment in favor of Defendants Counselor Whitman and P.O. Pernett and against Plaintiff at Count II.

*a. 42 U.S.C. § 1983*

To state a viable section 1983 claim, the plaintiff must sufficiently plead that (1) the conduct complained of was committed by a person acting under color of state law, and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Twp of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995); 42 U.S.C. § 1983. To prevail "on a [Section] 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellacriprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). A plaintiff must demonstrate a defendant's "personal involvement" in the alleged constitutional violation by adequately alleging either (1) the defendant's personal involvement in the alleged violation; or (2) his actual knowledge and acquiescence in the wrongful conduct. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Id.* (citations omitted). Therefore, "[t]he mere fact that a defendant is in a supervisory position is insufficient to establish liability under Section 1983." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D.Pa. 2013).

*b. Supervisory Liability*

Under section 1983, a supervisor can be liable for constitutional violations if he or she, "with deliberate indifference to the consequences, established and maintained a policy, practice

or custom which directly caused the constitutional harm[,]" *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014). (citations omitted), *rev'd sub nom on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015) or if the supervisor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. (citations and quotation marks omitted).

   c. *Deliberate Indifference[3]*

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id*. at 104 (citation omitted). "[W]hether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under [section] 1983." *Id*. at 104–05 (citations omitted). In the most general sense, a prison official violates the Eighth Amendment when the following two elements are established: (1) the inmate alleges an objectively serious deprivation by a prison official of food, clothing, shelter, medical care, or safety; and (2) the prison official acted with a sufficiently culpable state of mind to deprive the inmate of his right to food, clothing, shelter, medical care, or safety.

Plaintiff seeks to hold Defendants Superintendent Thompson, Deputy Superintendent Sauers, Deputy Superintendent Mahlmeister, Lt. McFadden, and P.O. Pernett ("Supervisor

---

[3] While Plaintiff titles Count II as a "Denial of Medical Care," this count will be referred to as "Deliberate Indifference" as that connotes the Eighth Amendment.

Defendants") liable for violating his Eighth Amendment rights as supervisors by being deliberately indifferent to his serious medical needs by denying him treatment for his symptoms of withdrawal and inadequate treatment of his PTSD.

Specifically, Plaintiff alleges that these Defendants were employed in supervisor roles and knew or reasonably should have known of and/or participated in, and/or condoned, and/or ratified: (1) a policy or practice of refusing to provide inmates such as Plaintiff medically appropriate drug treatment for those with PTSD; (2) a policy or practice of failing to provide inmates such as Plaintiff with the administrative steps that are essential to the receipt of medical care; (3) a policy or practice of failing to train or educate corrections officers on how to properly oversee and assist inmates such as Plaintiff who are in the hole and in need of regular and consistent access to psychiatric medical care; and (4) a policy or practice of placing inmates in solitary confinement for months despite having knowledge or reason to believe that the inmate suffers with a psychological illness such as PTSD. [ECF No. 29] at ¶¶ 126a-d.[4] The Supervisor Defendants move for judgment on the pleadings as to Count I, alleging that the facts alleged in Plaintiff's complaint does not support such a claim. Additionally, Defendants Superintendent Thompson, Counselor Whitman and P.O. Pernett seek judgment in their favor as to Count II, arguing that there are no set of facts alleged against these Defendants which tend to prove they violated Plaintiff's constitutional rights. Each Defendant will be addressed separately.

1. Superintendent Thompson

Primarily, Plaintiff voluntarily withdrew all claims against Superintendent Thompson in his opposition brief, conceding that his complaint failed to assert facts to state a claim against Superintendent Thompson. However, the court will not enter judgment in favor of

---

[4] Plaintiff does not list Counselor Whitman as a named Defendant in his Count I, supervisory liability claim. [ECF No. 29] at 16.

Superintendent Thompson, as discovery may reveal he had knowledge of and acquiesced in not providing adequate medical care to Plaintiff. Therefore, Superintendent Thompson is dismissed without prejudice and should discovery reveal his personal involvement in Plaintiff's alleged constitutional harm, Plaintiff may file the appropriate motion to add Superintendent Thompson as a defendant. Accordingly, Superintendent Thompson's motion for judgment on the pleadings is denied.

2. <u>Deputy Superintendents Sauers and Malhmeister</u>

Plaintiff alleges that Deputy Superintendents Sauers and Malhmeister had actual knowledge of Plaintiff's medical issues because Plaintiff informed them that he suffered from PTSD and was going through methadone withdrawal when they interviewed him upon intake at SCI Mercer. Despite this knowledge, Deputy Superintendents Sauers and Malhmeister, as members of the PRC, made the decision to place Plaintiff on the M Block which resulted in Plaintiff being in lockdown 23 hours per day instead of providing Plaintiff with adequate medical treatment. These facts, as alleged, are sufficient to state a supervisory liability claim and show that these Defendants participated in allegedly violating Plaintiff's constitutional rights. Accordingly, Deputy Superintendents Sauers and Malhmeister's motion for judgment on the pleadings is denied.

3. <u>Lt. McFadden</u>

Plaintiff also alleges that Lt. McFadden had actual knowledge of Plaintiff's medical issues. Plaintiff alleges that he informed Lt. McFadden that he suffered from PTSD and Lt. McFadden acknowledged that Plaintiff suffered from PTSD. Lt. McFadden told Plaintiff he would receive weekly treatment and daily medication to help reduce the effects of his PTSD but ignored Plaintiff's complaints that his medical needs were not being met. Further, Plaintiff

informed Lt. McFadden upon his arrival at SCI Mercer and his assignment to the M Block that he was suffering from acute methadone withdrawal and Lt. McFadden took no action to provide Plaintiff with adequate medical care in treating these symptoms. These facts are sufficient to show that Lt. McFadden participated in allegedly violating Plaintiff's rights by being deliberately indifferent to his serious medical needs. Accordingly, Lt. McFadden's motion for judgment on the pleadings is denied.

### 4. P.O. Pernett

Plaintiff alleges that P.O. Pernett had actual knowledge of Plaintiff's methadone withdrawal when he met with Plaintiff on his third day in the infirmary and told him to sign a document which waived the hearing challenging probable cause to detain him at SCI Mercer. Plaintiff does not allege any facts which tend to show that P.O. Pernett is a supervisor or that he has supervising authority. P.O. Pernett will be dismissed from this action, as the involvement alleged does not rise to the level necessary to state a section 1983 claim pursuant to the Eighth Amendment. Just because a prison official comes into contact to an individual who alleges to have suffered from constitutional violations does not mean that the official has the requisite personal involvement necessary to state a claim under section 1983. The allegations as set forth in the complaint do not state an Eighth Amendment violation against P.O. Pernett, and he will be dismissed. However, the court declines to enter judgment in P.O. Pernett's favor on Plaintiff's claims, as discovery may reveal the requisite level of involvement necessary to state a section 1983 claim. Should that occur, Plaintiff may request the appropriate relief to add P.O. Pernett as a defendant in this matter. Accordingly, P.O. Pernett's motion for judgment on the pleadings is denied.

5. Counselor Whitman

Counselor Whitman argues that he is entitled to judgment in his favor, as the Amended Complaint does not include any facts that would state a claim against him in connection with Plaintiff's Eighth Amendment claim. The court rejects this argument. Plaintiff has adequately alleged that Defendant Whitman was a prison counselor who intermittently treated Plaintiff for his PTSD, and was aware that his mental health was deteriorating by being placed in the M Block and did nothing in response to Plaintiff's complaints. These facts adequately state a claim that Defendant Whitman was deliberately indifferent to Plaintiff's serious medical needs and he is not entitled to judgment in his favor.[5] Accordingly, Counselor Whitman's motion for judgment on the pleadings is denied.

## V. CONCLUSION

Based on the foregoing, Defendants' motion for judgment on the pleadings is DENIED. Further, Defendants Superintendent Thompson and P.O. Pernett are dismissed without prejudice as Plaintiff has failed to state a claim against these individuals. Should discovery reveal their personal involvement in Plaintiff's alleged constitutional violations, Plaintiff may move the court to include these individuals as defendants at that time.

An appropriate Order follows.

Dated: June 23, 2017

---

[5] Defendant Whitman argues that complaint contains no facts that allege that he is a supervisor. However, the complaint does not allege supervisor liability claim against Counselor Whitman, and only alleges that Superintendent Thompson, Deputy Superintendents Sauers and Malhmeister, Lt. McFadden and P.O. Pernett are supervisors, thus this argument will not be addressed.

13

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF